STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,    :
                                       :
    Plaintiff,                         :
                                       :   03 CV 7045 (HB)
    - against -                       :
                                       :   **OPINION & ORDER**
                                       :
BRIGHTPOINT, INC., AMERICAN INTERNATIONAL :
GROUP, INC., PHILLIP BOUNSALL, JOHN     :
DELANEY, and TIMOTHY HARCHARIK,        :
                                       :
    Defendants.                        :
-----------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

    Before the Court is a motion to retain venue in the Southern District of New York brought by Defendant Timothy Harcharik ("Harcharik"). Plaintiff Securities and Exchange Commission ("SEC") seeks to enforce a $50,000 civil penalty imposed by this Court on Harcharik. Harcharik resides in the Southern District of Indiana, and the SEC has registered this Court's judgment there. The SEC plans to seek an installment order in that court. Harcharik requests that the SEC's enforcement proceedings be heard in New York. For the reasons set forth below, Defendant's motion to retain venue is DENIED.

### Discussion

    Proceedings to enforce this Court's judgment imposing a civil penalty on Harcharik are brought under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 *et seq.* Subchapter C of the FDCPA, 28 U.S.C. §§ 3201 *et seq.*, provides the postjudgment remedies available to the United States to effect the collection of a debt and includes the issuance of an installment order. 28 U.S.C. § 3204. Venue for proceedings under the FDCPA is set by 28 U.S.C. § 3004(b):

> (b) Nationwide enforcement.--(1) Except as provided in paragraph (2)--
>
> (A) any writ, order, judgment, or other process, including a summons and complaint, filed under this chapter may be served in any State; and
>
> (B) such writ, order, or judgment may be enforced by the court issuing the writ, order, or process, regardless of where the person is served with the writ, order, or process.

> (2) If the debtor so requests, within 20 days after receiving the notice described in section 3101(d) or 3202(b), the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides.

28 U.S.C. § 3004(b).

Venue under the FDCPA is proper in the Southern District of New York, or the Southern District of Indiana, or any other federal court. Although a debtor has the right to request that the action "be transferred to the district court for the district in which the debtor resides," the statute does not require a court to transfer to any forum of the defendant's choice.[1]

### Conclusion

For the foregoing reasons, the motion to retain venue here is DENIED, and the Clerk of the Court is directed to close this matter and remove it from my docket.

**SO ORDERED**
December ___, 2011
New York, New York

Hon. Harold Baer, Jr.
U.S.D.J.

---

[1] Applying the factors to a motion to transfer an action under 28 U.S.C. § 1404(a) further confirms the SEC's forum choice of the Southern District of Indiana as an appropriate one. Those factors include "(1) plaintiff's choice of forum, (2) the locus of the operative facts, (3) the convenience of witnesses, (4) the convenience and means of the parties, (5) the location of relevant documents and the relative ease of access to sources of proof, (6) the availability of process to compel attendance of unwilling witnesses, (7) a forum's familiarity with the governing law, (8) trial efficiency and the interest of justice based on the totality of the circumstances." *Hershman v. UnumProvident Corp.*, 658 F. Supp. 2d 598, 600-01 (S.D.N.Y. 2009). Most of these factors are either neutral or favor the Southern District of Indiana as a forum. The major exception, I suppose is that Harcharik, who is a witness, apparently believes New York is a more convenient forum for him. As the SEC points out, however, "If Harcharik has the funds available to travel to New York, it would be more appropriate for him to apply these funds toward the payment of the Final Judgment." SEC Mem. Opp. 11-12.